# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES ANTHONY GHOLAR,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Respondents. | No. 2:20-CV-2457-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondents' motion to dismiss, ECF No. 9. The matter was submitted on the briefs without oral argument.

## I. BACKGROUND

On June 11, 2010, Petitioner was convicted of second-degree murder and sentenced to 40 years to life in state prison. See ECF No. 10-1 (Abstract of Judgment). On direct appeal, Petitioner argued the trial court erred in admitting an out-of-court statement made by the victim to his sister. See ECF No. 10-2, pg. 2 (unpublished decision of the California Court of Appeal). The California Court of Appeal affirmed the conviction and sentence. See id. at 10. On November 16, 2011, the California Supreme Court denied direct review without comment or

citation.  See ECF No. 10-4.

On June 13, 2012, Petitioner filed a prior federal habeas petition in this Court.  See Gholar v. Hickman, et al., 2:12-CV-1585-MCE-EFB (Gholar I).  The prior federal petition was denied on the merits on September 28, 2015.  See ECF Nos. 32 and 33 in Gholar I.  On May 20, 2016, the Ninth Circuit Court of Appeals declined to issue a certificate of appealability.  See ECF No. 38 in Gholar I.

Petitioner filed a single post-conviction petition in the California Supreme Court on January 23, 2020.  See ECF No. 10-5.  The California Supreme Court denied the petition on April 22, 2020, without comment or citation.  See ECF No. 10-6.

Petitioner filed the current federal petition on December 11, 2020.  See ECF No. 1. Petitioner describes his current claim as follows:

> GHOLAR filed a writ for habeas corpus in the California Supreme Court on January 23, 2020 on the basis that because of a 2018 change in state law, those criminal defendants whose sentence were not yet final are entitled to be resentenced under the new law while those criminal defendants whose sentence has become final, are not eligible to be resentenced under the new law. GHOLAR's sentence was final before the change in state law; the California Supreme Court denied his writ on April 22, 2020, without comment. See Petitioner's Excerpts of Record, Volume IV.
> Therefore, the instant writ proceeding is based upon on the same of facts and argument brought before the Supreme Court in GHOLAR's writ petition and supporting documents. See Petitioner's Excerpts of Record, Volumes II and III.
> This disparity in eligibility to be resentenced is based upon but a single factor: the time their sentence became final. It is not based upon any other legally defensible factor nor a legitimate government purpose.
> GHOLAR argues in this writ proceeding, as he did in his petition to the California Supreme Court, that such a timing factor violates the due process and equal protection guarantees in the U.S. Constitution, made applicable to the states by the Fourteenth Amendment.
> The gist of this argument is that when the California Legislature deemed that a change in criminal law was appropriate to reduce the time of incarceration for certain crimes, the Legislature was under a constitutional duty to treat all similarly situated criminal defendants in an equal manner.
> While these new laws are clearly retroactive to all similarly situated criminal defendants whose sentence is not final, they don't apply to all similarly situated criminal defendants whose sentence is final (except for one new law under Senate Bill 1437). As such, except for this single exception, the limit on application of these new laws only to those who whose case is not yet final, is constitutionally infirm.

ECF No. 1-1, pg. 6

///

2

## II.  DISCUSSION

Respondents argue: (1) the Court lacks jurisdiction over the current petition because is second or successive of Gholar I and was filed without prior authorization from the Ninth Circuit Court of Appeals; (2) the current petition is untimely; and (3) the current petition fails to raise a claim which is cognizable under § 2254.

### A.     Second or Successive Petitions

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed" unless one of two circumstances exist.  Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence.  See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3).  In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court.  See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990).  Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits because the possibility of returning to court following exhaustion exists and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  The dismissal of a petition as untimely, however, does constitute a decision on the merits because such a dismissal is a determination

3

1    that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir.
2    2009). Likewise, the denial of a petition on procedural default grounds is also a determination
3    on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard,
4    905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a
5    determination that the claims will not be considered by the federal court).

6    Though the current petition raises a claim that was not decided in Gholar I, it
7    nonetheless remains a second or successive petition because the claims which were raised in
8    Gholar I were decided on the merits. Whether the current petition satisfies the exceptions
9    outlined in 28 U.S.C. § 2244(b)(2) is a question that must be presented to the Ninth Circuit Court
10   of Appeals in the first instance. See 28 U.S.C. § 2244(b)(3). Only if the Ninth Circuit authorizes
11   the filing of a successive petition, may this Court consider it. See id. Here, Petitioner has not
12   obtained authorization from the Ninth Circuit to proceed with the current petition, which must be
13   dismissed for lack of jurisdiction.

14   **B.     Statute of Limitations**

15   Federal habeas corpus petitions must be filed within one year from the later of: (1)
16   the date the state court judgment became final; (2) the date on which an impediment to filing
17   created by state action is removed; (3) the date on which a constitutional right is newly-
18   recognized and made retroactive on collateral review; or (4) the date on which the factual
19   predicate of the claim could have been discovered through the exercise of due diligence. See 28
20   U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
21   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
22   review. See 28 U.S.C. § 2244(d)(1).

23   Where a petition for review by the California Supreme Court is filed and no
24   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
25   begins running the day after expiration of the 90-day time within which to seek review by the
26   United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
27   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year
28   limitations period begins to run the day after certiorari is denied or the Court issued a merits

decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

/ / /

/ / /

1    There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Respondents contend that the limitations period for the current petition began to run on January 1, 2018 – the date Senate Bill 620 became law and on which Petitioner first had the opportunity to seek resentencing. See ECF No. 9, pg. 4. Respondents argue the one-year limitations period expired on January 1, 2019. See id. at 4-5. Respondents further conclude that, because Petitioner did not seek relief in the California Supreme Court until January 23, 2020, his single state court post-conviction action could not have resulted in statutory tolling. See id.

Petitioner contends his current claim accrued on May 14, 2019 – the date the first California court case deciding that Senate Bill 620 does not apply retroactively to those defendants whose sentences were final when the new law became effective. See ECF No. 11, pg. 8. According to Petitioner, he could not have known about his as-applied challenge until the new law had actually been applied by the state courts in a way he now contends denies him equal protection. See id.

Applying the January 1, 2018, date advocated by Respondents, the current petition is clearly untimely. Applying the May 14, 2019, date advocated by Petitioner, the current petition is still untimely. As indicated above, Petitioner filed a single state post-conviction action concerning the claim raised in the current petition. That state court action was filed on January 23, 2020, and denied on April 22, 2020. This would result in approximately three months of statutory tolling of the one-year limitations period. Absent tolling, and assuming a start date of May 14, 2019, the limitations period would have expired in May 2020. Adding three months of statutory tolling for Petitioner's single state court post-conviction action, the limitations period

would have expired in August 2020.  The current petition was not filed until December 2020 – four months late even assuming the start date Petitioner asserts.  Petitioner's argument simply ignores the limitations period that had expired prior to the filing of his state court post-conviction action.

### C. **Cognizability**

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.  See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

In the current petition, Petitioner argues a change in California law under Senate Bill 620, which became effective on January 1, 2018, is unconstitutional as applied because it provides the state trial courts with resentencing discretion for individuals whose sentences had not yet become final but denies resentencing discretion for individuals whose sentences had become final.  A similar claim was considered in Lopez v. Spearman, 2019 U.S. Dist. LEXIS 125189 (N.D. Cal 2019), and found to be not cognizable.  There, the court considered the petitioner's claim regarding retroactive application of Senate Bill 620 and noted that "Lopez cannot 'transform [his] state-law issue into a federal one merely by asserting a violation of due process' or equal protection." Id. (citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).  The court dismissed Petitioner's Senate Bill 620 claim.  See id.; see also Vera v. Madden, 2020 U.S. Dist. LEXIS 92831 (C.D. Cal. 2020 (Magistrate Judge's Findings and Recommendations later adopted by District Judge).

The current petition should be dismissed for failure to raise a congnizable claim under § 2254.

/ / /

/ / /

7

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondents' motion to dismiss, ECF No. 9, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE